**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| SHAQUINDA WILSON,<br><br>　　　　Plaintiff,<br>v.<br><br><br>FIRST ADVANTAGE BACKGROUND CHECK,<br><br>　　　　Defendant. | **Civil Action Number:**<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR CREDIT REPORTING ACT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, Shaquinda Wilson ("Plaintiff"), brings this action against Defendant First Advantage Background Check ("First Advantage"), and alleges as follows:

## I.　　INTRODUCTION

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq seeking actual and statutory damages, punitive damages, costs, and reasonable attorneys' fees against Defendant First Advantage.

2. Defendant First Advantage reported materially inaccurate and incomplete information on Plaintiff's employment background check report. Defendant failed to report that Plaintiff's sole criminal conviction had been pardoned by the State of South Carolina when it provided a background report to Plaintiff's potential new employer.

3. As a result of the materially inaccurate and incomplete information, Plaintiff's offer of employment was rescinded.

4. As a result of Defendant First Advantage's conduct, Plaintiff suffered damages including, lost employment opportunities, lost wages, emotional distress, mental anguish, and other damages.

## II. JURISDICTION & VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6. Venue is proper in this District because Defendant First Advantage Background Check has its corporate headquarters in this district and regularly conducts business in this District.

## III. PARTIES AND SERVICE

7. Plaintiff Shaquinda Wilson is a natural person and a resident of Lexington County, South Carolina.

8. At all times material hereto, Plaintiff is a "Consumer," as defined under 15 U.S.C. § 1681a(c).

**Defendant First Advantage**

9. Defendant First Advantage is a consumer reporting agency within the meaning of 15 U.S.C. § 1682a(f). Defendant First Advantage conducts substantial and regular business activities in this district with its headquarters located in this district. At all times material hereto, Defendant engaged in interstate commerce by assembling, evaluating, and furnishing consumer reports to third parties – including employers – as defined under 15 U.S.C. § 1681d.

10. Among other things, Defendant First Advantage sells consumer background checks to employers for the use of deciding whether to offer employment to prospective employees or to take adverse action such as termination, failure to hire, or failure to promote. These reports are provided in connection with a business transaction initiated by the employer.

11.   Defendant First Advantage may be served with process upon its registered agent, Corporation Service Company, at 2 Sun Court, Ste. 400, Peachtree Corners, Georgia 30092.

## IV.   FACTUAL ALLEGATIONS

12.   On January 14, 2026, Plaintiff received an offer of employment conditioned on a verified background check report.

13.   Plaintiff's potential employer, The Home Depot, ordered the background check report from Defendant on or about January 14, 2026.

14.   On January 26, 2026, Defendant published the report to Plaintiff's potential employer showing a single past criminal record from 2008. Plaintiff was a minor when the underlying incident occurred in 2006. Defendant's report omitted material publicly available information, namely, that Plaintiff was pardoned by the State of South Carolina.

15.   On January 26, 2026, Plaintiff filed a dispute with Defendant via Defendant's designated dispute e-mail address. In the dispute e-mail, Plaintiff provided a copy of her Certificate of Pardon. Exhibit A. Certificate of Pardon.

16.   Defendant First Advantage had public access to the Lexington County Eleventh Judicial Circuit Public Index which publicly reports "Status: Pardoned" on public record for Plaintiff's case.

17.   On February 9, 2026, Plaintiff's potential employer revoked its offer of employment based on its reliance of Defendant's materially deficient, incomplete, and inaccurate background report.

18.   As a result, Plaintiff suffered actual damages, including loss of employment, lost wages, reputational harm, emotional distress, mental anguish, and the expenditure of time and effort to correct the report.

### V.    CAUSES OF ACTION

**COUNT I - Negligent Violation of 15 U.S.C. § 1681e(b)**
**Failure to Assure Maximum Possible Accuracy**

19.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

20.    Defendant First Advantage is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

21.    Under 15 U.S.C. § 1681e(b), Defendant First Advantage was required to follow reasonable procedures to assure maximum possible accuracy of the information it reported about Plaintiff.

22.    Defendant First Advantage published an incomplete background report that omitted material information relating to Plaintiff's history.

23.    Defendant First Advantage failed to follow reasonable procedures to assure maximum possible accuracy because it published materially and objectively incomplete and inaccurate information relating to Plaintiff's history that was publicly available.

24.    Defendant First Advantage's report of Plaintiff's conviction without her pardon status is materially misleading and violates the maximum possible accuracy requirements of 15 U.S.C. § 1681e(b).

25.    As a direct and proximate result of Defendant First Advantage's unreasonable procedures to ensure maximum possible accuracy, Defendant First Advantaged omitted material facts and information when it published a report to Plaintiff's potential employer.

26.    As a result of Defendant First Advantage's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including lost employment opportunities, lost wages, emotional distress, harm to reputation, and mental anguish.

27.    The conduct of Defendant First Advantage was negligent, entitling Plaintiff to damages

under 15 U.S.C. §§ 1681n and 1681o.

## COUNT II - Willful Violation of 15 U.S.C. § 1681e(b)
### Failure to Assure Maximum Possible Accuracy

28. Plaintiff realleges and incorporates all preceding paragraphs as though fully stated herein.

29. Defendant First Advantage willfully failed to comply with its obligations under 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to ensure maximum possible accuracy of Plaintiff's consumer report.

30. Defendant First Advantage knew or should have known that the criminal history it furnished was materially incomplete and inaccurate, yet it furnished the incomplete information to Plaintiff's potential employer. Defendant First Advantage had access to public records that would have shown Plaintiff's single criminal conviction as "pardoned".

31. Defendant First Advantage showed a reckless disregard for Plaintiff's rights when it did not review publicly available information before it furnished the materially incomplete report to Plaintiff's employer.

32. As a result of Defendant First Advantage's willful conduct, Plaintiff suffered actual damages, including loss of employment, lost wages, reputational harm, emotional distress, mental anguish, and the expenditure of time and effort to correct the report.

33. Defendant First Advantage is liable to Plaintiff for actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

34. Plaintiff requests a trial by jury on all issues and counts so triable under Rule 38 of the Federal Rules of Civil Procedure.

## VI.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief:

1.  Actual Damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A),  1681o(a)(1), including but not limited to lost employment opportunity, reputational hard, and expenses incurred in correcting the inaccurate report;

2.  Statutory Damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), in an amount to be determined by the Court;

3.  Punitive Damages pursuant to 15 U.S.C. § 1681n(a)(2), for willful violations of FCRA;

4.  Attorneys' Fees and Costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

5.  Pre-judgment and post-judgment Interest as permitted by law; and

6.  Such other and further relief as the Court deems just and proper.


DATED:  March 26, 2026                                          Respectfully Submitted,


*/s/ Lynn M. Mckeel*
Lynn M. Mckeel
GA Bar No.: 244409
FCRA Attorneys
12600 Deerfield Pkway, Ste. 100
Alpharetta, GA 30004
Tel: (404) 793-4880
Fax: 469-669-0786
Lynn@FCRAAttorneys.com
*Lead Counsel for Plaintiff*