IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHAQUINDA WILSON, <br><br> Plaintiff, <br><br> v. <br><br> FIRST ADVANTAGE BACKGROUND CHECK, <br><br> Defendant. | Case No. 1:26-cv-01636-SDG-JHR |

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP.,

improperly named in the case caption as First Advantage Background Check, by its

attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure,

hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses

as follows:

## I.     INTRODUCTION

**COMPLAINT NO. 1:**

This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.
§ 1681 et seq seeking actual and statutory damages, punitive damages, costs, and
reasonable attorneys' fees against Defendant First Advantage.

**ANSWER:**

First Advantage admits that Plaintiff brings an action under the Fair Credit

Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to recover her alleged

damages.  First Advantage denies that it violated the FCRA, and further denies that Plaintiff is entitled to any relief whatsoever.  First Advantage denies the remaining allegations in Paragraph No. 1 of the Complaint.

**COMPLAINT NO. 2:**

Defendant First Advantage reported materially inaccurate and incomplete information on Plaintiff's employment background check report.  Defendant failed to report that Plaintiff's sole criminal conviction had been pardoned by the State of South Carolina when it provided a background report to Plaintiff's potential new employer.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 2 of the Complaint.

**COMPLAINT NO. 3:**

As a result of the materially inaccurate and incomplete information, Plaintiff's offer of employment was rescinded.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 3 of the Complaint.

**COMPLAINT NO. 4:**

As a result of Defendant First Advantage's conduct, Plaintiff suffered damages including, lost employment opportunities, lost wages, emotional distress, mental anguish, and other damages.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 4 of the Complaint.

## II.    JURISDICTION & VENUE

**COMPLAINT NO. 5:**

This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 2 of the Complaint.

**COMPLAINT NO. 6:**

Venue is proper in this District because Defendant First Advantage Background Check has its corporate headquarters in this district and regularly conducts business in this District.

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 6 of the Complaint.

### III.    PARTIES AND SERVICE

**COMPLAINT NO. 7:**

Plaintiff Shaquinda Wilson is a natural person and a resident of Lexington County, South Carolina.

**ANSWER:**

Upon information and belief, First Advantage admits the allegations in

Paragraph No. 7 of the Complaint.

**COMPLAINT NO. 8:**

At all times material hereto, Plaintiff is a "Consumer," as defined under 15 U.S.C. § 1681a(c).

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 8 of the Complaint.

**Defendant First Advantage**

**COMPLAINT NO. 9:**

Defendant First Advantage is a consumer reporting agency within the meaning of 15 U.S.C. § 1682a(f).  Defendant First Advantage conducts substantial and regular business activities in this district with its headquarters located in this district.  At all

3

times material hereto, Defendant engaged in interstate commerce by assembling, evaluating, and furnishing consumer reports to third parties – including employers – as defined under 15 U.S.C. § 1681d.

**ANSWER:**

First Advantage admits that some of its business activities make it a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) as to those activities only.  First Advantage also admits that it conducts business and maintains its corporate headquarters in this judicial district.  First Advantage denies the remaining allegations in Paragraph No. 9 of the Complaint.

**COMPLAINT NO. 10:**

Among other things, Defendant First Advantage sells consumer background checks to employers for the use of deciding whether to offer employment to prospective employees or to take adverse action such as termination, failure to hire, or failure to promote.  These reports are provided in connection with a business transaction initiated by the employer.

**ANSWER:**

First Advantage admits that it sells background reports to employers and that employers sometimes use First Advantage's background reports when making employment decisions.  First Advantage denies the remaining allegations in Paragraph No. 10 of the Complaint.

**COMPLAINT NO. 11:**

Defendant First Advantage may be served with process upon its registered agent, Corporation Service Company, at 2 Sun Court, Ste. 400, Peachtree Corners, Georgia 30092.

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 11 of the

Complaint.

## IV.    FACTUAL ALLEGATIONS

**COMPLAINT NO. 12:**

On January 14, 2026, Plaintiff received an offer of employment conditioned on a verified background check report.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph No. 12 of the Complaint.

**COMPLAINT NO. 13:**

Plaintiff's potential employer, The Home Depot, ordered the background check report from Defendant on or about January 14, 2026.

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 13 of the

Complaint.

**COMPLAINT NO. 14:**

On January 26, 2026, Defendant published the report to Plaintiff's potential employer showing a single past criminal record from 2008.  Plaintiff was a minor when the underlying incident occurred in 2006.  Defendant's report omitted material publicly available information, namely, that Plaintiff was pardoned by the State of South Carolina.

**ANSWER:**

First Advantage admits that Plaintiff was a minor in 2006 when she assaulted and battered a victim with intent to kill her.  First Advantage denies the remaining allegations in Paragraph No. 14 of the Complaint.

**COMPLAINT NO. 15:**

On January 26, 2026, Plaintiff filed a dispute with Defendant via Defendant's designated dispute e-mail address.  In the dispute e-mail, Plaintiff provided a copy of her Certificate of Pardon.  Exhibit A. Certificate of Pardon.

**ANSWER:**

First Advantage admits that, on January 26, 2026, Plaintiff e-mailed First Advantage to dispute the criminal record information in her background report. First Advantage denies the remaining allegations in Paragraph No. 15 of the Complaint.

**COMPLAINT NO. 16:**

Defendant First Advantage had public access to the Lexington County Eleventh Judicial Circuit Public Index which publicly reports "Status: Pardoned" on public record for Plaintiff's case.

**ANSWER:**

First Advantage admits that it had access to the Lexington County Eleventh Judicial Circuit Public Index and that the index currently reports "Status: Pardoned" for Plaintiff's conviction for assault and battery with intent to kill.  First Advantage denies the remaining allegations in Paragraph No. 16 of the Complaint.

**COMPLAINT NO. 17:**

On February 9, 2026, Plaintiff's potential employer revoked its offer of employment based on its reliance of Defendant's materially deficient, incomplete, and inaccurate background report.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 17 of the Complaint.

**COMPLAINT NO. 18:**

As a result, Plaintiff suffered actual damages, including loss of employment, lost wages, reputational harm, emotional distress, mental anguish, and the expenditure of time and effort to correct the report.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 18 of the Complaint.

## V.     CAUSES OF ACTION

### COUNT I – Negligent Violation of 15 U.S.C. § 1681e(b)
### Failure to Assure Maximum Possible Accuracy

**COMPLAINT NO. 19:**

Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

**ANSWER:**

First Advantages restates its answers to Paragraph Nos. 1 through 18 as its

answer to Paragraph No. 19 of the Complaint.

**COMPLAINT NO. 20:**

Defendant First Advantage is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

**ANSWER:**

First Advantage admits that some of its business activities make it a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) as to those activities only. First Advantage denies the remaining allegations in Paragraph No. 20 of the Complaint.

**COMPLAINT NO. 21:**

Under 15 U.S.C. § 1681e(b), Defendant First Advantage was required to follow reasonable procedures to assure maximum possible accuracy of the information it reported about Plaintiff.

**ANSWER:**

First Advantage admits that, under 15 U.S.C. § 1681e(b), "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." First Advantage denies the remaining allegations in Paragraph No. 21 of the Complaint.

**COMPLAINT NO. 22:**

Defendant First Advantage published an incomplete background report that omitted material information relating to Plaintiff's history.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 22 of the Complaint.

## COMPLAINT NO. 23:

Defendant First Advantage failed to follow reasonable procedures to assure maximum possible accuracy because it published materially and objectively incomplete and inaccurate information relating to Plaintiff's history that was publicly available.

## ANSWER:

First Advantage denies the allegations in Paragraph No. 23 of the Complaint.

## COMPLAINT NO. 24:

Defendant First Advantage's report of Plaintiff's conviction without her pardon status is materially misleading and violates the maximum possible accuracy requirements of 15 U.S.C. § 1681e(b).

## ANSWER:

First Advantage denies the allegations in Paragraph No. 24 of the Complaint.

## COMPLAINT NO. 25:

As a direct and proximate result of Defendant First Advantage's unreasonable procedures to ensure maximum possible accuracy, Defendant First Advantaged omitted material facts and information when it published a report to Plaintiff's potential employer.

## ANSWER:

First Advantage denies the allegations in Paragraph No. 25 of the Complaint.

## COMPLAINT NO. 26:

As a result of Defendant First Advantage's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including lost employment opportunities, lost wages, emotional distress, harm to reputation, and mental anguish.

## ANSWER:

First Advantage denies the allegations in Paragraph No. 26 of the Complaint.

**COMPLAINT NO. 27:**

The conduct of Defendant First Advantage was negligent, entitling Plaintiff to damages under 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 27 of the Complaint.

## COUNT II – Willful Violation of 15 U.S.C. § 1681e(b)
**Failure to Assure Maximum Possible Accuracy**

**COMPLAINT NO. 28:**

Plaintiff realleges and incorporates all preceding paragraphs as though fully stated herein.

**ANSWER:**

First Advantage restates its answers to Paragraph Nos. 1 through 27 as its

answer to Paragraph No. 28 of the Complaint.

**COMPLAINT NO. 29:**

Defendant First Advantage willfully failed to comply with its obligations under 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to ensure maximum possible accuracy of Plaintiff's consumer report.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 29 of the Complaint.

**COMPLAINT NO. 30:**

Defendant First Advantage knew or should have known that the criminal history it furnished was materially incomplete and inaccurate, yet it furnished the incomplete information to Plaintiff's potential employer. Defendant First Advantage had access to public records that would have shown Plaintiff's single criminal conviction as "pardoned".

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 30 of the Complaint.

**COMPLAINT NO. 31:**

Defendant First Advantage showed a reckless disregard for Plaintiff's rights when it did not review publicly available information before it furnished the materially incomplete report to Plaintiff's employer.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 31 of the Complaint.

**COMPLAINT NO. 32:**

As a result of Defendant First Advantage's willful conduct, Plaintiff suffered actual damages, including loss of employment, lost wages, reputational harm, emotional distress, mental anguish, and the expenditure of time and effort to correct the report.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 32 of the Complaint.

**COMPLAINT NO. 33:**

Defendant First Advantage is liable to Plaintiff for actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 33 of the Complaint.

## DEMAND FOR TRIAL BY JURY

**COMPLAINT NO. 34:**

Plaintiff requests a trial by jury on all issues and counts so triable under Rule 38 of the Federal Rules of Civil Procedure.

**ANSWER:**

First Advantage admits that Plaintiff demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief:

1.    Actual Damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A), 1681o(a)(1), including but not limited to lost employment opportunity, reputational hard, and expenses incurred in correcting the inaccurate report;

2.    Statutory Damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A), in an amount to be determined by the Court;

3.    Punitive Damages pursuant to 15 U.S.C. § 1681n(a)(2), for willful violations of FCRA;

4.    Attorneys' Fees and Costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

5.    Pre-judgment and post-judgment Interest as permitted by law; and

6.    Such other and further relief as the Court deems just and proper.

**ANSWER:**

Plaintiff's allegations constitute a prayer for relief requiring neither an admission nor a denial by First Advantage.  To the extent an answer is required, First Advantage denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff is not entitled to punitive damages because First Advantage engaged in good faith efforts to comply with the FCRA, First Advantage's reading of its obligations under the FCRA was and is objectively reasonable, and any purported violation was not willful.

### SECOND DEFENSE

To the extent Plaintiff has failed to mitigate her alleged damages, her recovery, if any, must be reduced accordingly.

Respectfully submitted,

FIRST ADVANTAGE BACKGROUND SERVICES CORP.

By: */s/ Esther Slater McDonald*
　　　Frederick T. Smith
　　　Georgia Bar No. 657575
　　　fsmith@seyfarth.com
　　　Esther Slater McDonald
　　　Georgia Bar No. 649005
　　　emcdonald@seyfarth.com
　　　SEYFARTH SHAW LLP
　　　1075 Peachtree Street, N.E.
　　　Suite 2500
　　　Atlanta, Georgia 30309-3958
　　　Telephone: (404) 885-1500
　　　Facsimile:  (404) 892-7056

Date:  May 20, 2026　　　　　　　Attorneys for Defendant

13

## CERTIFICATE OF SERVICE

I certify that, on May 20, 2026, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice of such filing to all counsel of record.

/s/ Esther Slater McDonald
Esther Slater McDonald